KM

WO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| Andrew Monaghan, | ) | No. CV 07-1413-PHX-DGC (ECV) |
|---|---|---|
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Maricopa County Sheriff's Office, et al., | ) | |
| Defendants. | ) | |

Plaintiff Andrew Monaghan, who is confined in the Arizona State Prison Complex-Florence, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.  On August 29, 2007, the Court denied the Application to Proceed *In Forma Pauperis* with leave to refile (Doc. #7).  On September 24, 2007, Plaintiff filed a letter, which the Court construes as a Motion for Extension of Time to file an Application to Proceed *In Forma Pauperis* (Doc. #9).  Plaintiff also filed, on September 24, 2007, a Prisoner Trust Fund Account Statement (Doc. #10).

Because Plaintiff has filed the required Prisoner Trust Fund Account Statement, the Court will grant Plaintiff *in forma pauperis* status.  The Court will deny the Motion for Extension of Time as moot.  Finally, the Court will dismiss the Complaint with leave to amend.

## I.    Application to Proceed *In Forma Pauperis* and Filing Fee

Plaintiff will be granted *in forma pauperis* status. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  The Court will not assess

JDDL-K

an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).  If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).

The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).  Plaintiff's Complaint will be dismissed for failure to state a claim, with leave to amend because the Complaint may possibly be saved by amendment.

**III.    Complaint**

Plaintiff names the following Defendants in the Complaint: (1) Maricopa County Sheriff's Office: (2) State of Arizona; (3) Lower Buckeye Jail; (4) Arizona State Prison; (5) Durango Jail; (6) Deputy Warden Malone, Arizona State Prison; (7) Superintendent, Lower Buckeye Jail; and (8) Judge and Probation Officers, State of Arizona.

Plaintiff raises three grounds for relief in the Complaint: (1) Plaintiff's Fourteenth Amendment rights were violated during his criminal proceedings; (2) Plaintiff's Fourteenth

Amendment rights were violated when he was subjected to the use of excessive force; and (3) Plaintiff's Fourteenth Amendments rights were violated when some of his mail was never delivered. Although not clear, it appears that Plaintiff seeks injunctive relief.

**IV.    Failure to State a Claim**

    **A.    Improper Defendants**

        **1.    Maricopa County Sheriff's Office, Jails, and Superintendent of Lower Buckeye Jail**

The Maricopa County Sheriff's Office is not a proper Defendant.  In Arizona, the responsibility of operating jails and caring for prisoners is placed by law upon the sheriff. See A.R.S. § 11-441(A)(5); A.R.S. § 31-101. A sheriff's office is simply an administrative creation of the county sheriff to allow him to carry out his statutory duties, and not a "person" amenable to suit pursuant to § 1983.  Therefore, Plaintiff's allegations against the Maricopa County Sheriff's Office fail to state a claim.

Similarly, the Maricopa County Lower Buckeye and Durango Jails are not proper Defendants to this action.  Claims under §1983 are directed at "bodies politic and corporate." Monell v. Dept. of Soc. Serv. of City of N.Y., 436 U.S. 658, 688-89 (1978).  Under the Civil Rights Act of 1871, Congress intended municipalities and other local government units to be included among those persons to whom § 1983 applies.  Id. at 689-690.  Because a jail is neither a corporation nor a body politic, it is not a person for purposes of §1983.

Finally, the Superintendent of Lower Buckeye Jail is not a proper defendant.  As noted above,  the responsibility of operating jails and caring for prisoners is placed by law upon the sheriff**.**

        **2.    State Judge**

Judges are immune except for acts *not* taken in their judicial capacity or taken in the absence of all jurisdiction. Sadoski v. Mosley, 435 F.3d 1076, 1079 (9th Cir.), cert. denied, 126 S.Ct. 2864 (2006); Harvey v. Waldron, 210 F.3d 1008, 1012 (9th Cir. 2000).  Immunity attaches even if the act was erroneous or injurious and irrespective of the judge's motivation. Harvey, 210 F.3d at 1012 (citing Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985)).  Because Plaintiff's claims relate to the Defendant Judge's actions in the context of Plaintiff's

1    criminal trial, the Defendant Judge is immune from suit.

2                        **3.       State of Arizona and Arizona State Prison**

3           The State of Arizona and the Arizona State Prison (or Arizona Department of

4    Corrections) are not proper Defendants.  Under the Eleventh Amendment to the Constitution

5    of the United States, a state or state agency may not be sued in federal court without its

6    consent.  Pennhurst State School and Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Taylor

7    v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Furthermore, "a state is not a 'person' for

8    purposes of section 1983.  Likewise 'arms of the State' such as the Arizona Department of

9    Corrections or state prison are not 'persons' under section 1983."  Gilbreath v. Cutter

10   Biological, Inc., 931 F.2d 1320, 1327 (9th Cir. 1991) (citation omitted).  Accordingly,

11   Plaintiff's allegations against Defendant State of Arizona and Arizona State Prison fail to

12   state a claim.

13          **B.       Count I**

14          In Count I, Plaintiff appears to allege that his due process rights were violated during

15   his criminal proceedings and that his sentence and probation terms violate his due process

16   rights.  To the extent that Plaintiff may be seeking damages for the alleged due process

17   violations, such a claim is not cognizable under 42 U.S.C. § 1983 if "a judgment in favor of

18   the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the

19   prisoner demonstrates that the conviction or sentence has previously been reversed,

20   expunged, or otherwise invalidated.  Heck v. Humphrey, 512 U.S. 477, 486 (1994).  This bar

21   also extends to claims for declaratory relief.  Edwards v. Balisok, 520 U.S. 641, 647-48

22   (1997).  Plaintiff's allegations imply the invalidity of his conviction and sentence and are

23   therefore barred by Heck.

24          To the extent that Plaintiff seeks the invalidation of his sentence, or any relief which

25   would result in immediate or speedier release, his exclusive remedy is a petition for habeas

26   corpus.  Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973).  Accordingly, Plaintiff's

27   allegations in Count I fail to state a claim.

28

**C.    Count II**

In Count II, Plaintiff claims that he was subjected to the use of excessive force while in Lower Buckeye Jail.  Plaintiff also appears to raise unrelated claims concerning his housing in the Arizona State Prison.

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant.  Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).  In this case, Plaintiff fails to identify the detention officers who used excessive force on him.  Accordingly, Plaintiff's excessive force allegations fail to state a claim.

Plaintiff should note that to bring an Eighth Amendment excessive force claim, he must state "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).

Plaintiff has also failed to adequately link his claims concerning living conditions at the Arizona State Prison to a properly named Defendant.  Because he has failed to adequately link the injuries alleged in Count II to a properly named Defendant, Plaintiff's allegations in Count II fail to state a claim.

**D.    Count III**

In Count III, Plaintiff claims that a copy of his Rule 32 petition was never sent to his brother.  Plaintiff again fails to link his allegations in Count III with any of the named Defendants, and Plaintiff's allegations in Count III therefore fail to state a claim.

**V.    Leave to Amend**

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

In any amended complaint, Plaintiff must write <u>short</u>, <u>plain</u> <u>statements</u> telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the defendant who violated the right; (3) exactly what that defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that defendant's conduct.  <u>Rizzo</u>, 423 U.S. at 371-72, 377.

Plaintiff must repeat this process for each person he names as a defendant.  If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury suffered by Plaintiff, the allegation against that defendant will be dismissed for failure to state a claim.  Further, Plaintiff must comply with any specific directions set out by the Court in its discussion of individual claims.  Conclusory allegations that a defendant or group of defendants have violated a constitutional right are not acceptable and will be dismissed.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint. <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992); <u>Hal Roach Studios v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as nonexistent.  <u>Ferdik</u>, 963 F.2d at 1262.  Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint. <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).

**VI.   Warnings**

**A.   Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

1   **B.      Address Changes**

2       Plaintiff must file and serve a notice of a change of address in accordance with Rule

3   83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

4   relief with a notice of change of address.  Failure to comply may result in dismissal of this

5   action.

6   **C.      Copies**

7       Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u>

8   LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice

9   to Plaintiff.

10  **D.      Possible "Strike"**

11      Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails

12  to file an amended complaint correcting the deficiencies identified in this Order, the

13  dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).

14  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil

15  judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior

16  occasions, while incarcerated or detained in any facility, brought an action or appeal in a

17  court of the United States that was dismissed on the grounds that it is frivolous, malicious,

18  or fails to state a claim upon which relief may be granted, unless the prisoner is under

19  imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

20  **E.      Possible Dismissal**

21      If Plaintiff fails to timely comply with every provision of this Order, including these

22  warnings, the Court may dismiss this action without further notice.  <u>See</u> <u>Ferdik</u>, 963 F.2d at

23  1260-61 (a district court may dismiss an action for failure to comply with any order of the

24  Court).

25  **IT IS ORDERED:**

26      (1)      Plaintiff is granted *in forma pauperis* status.

27      (2)      As required by the accompanying Order to the appropriate government agency,

28  Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

1        (3)      The Complaint (Doc. #1) is **dismissed** for failure to state a claim.  Plaintiff has

2  **30 days** from the date this Order is filed to file a first amended complaint in compliance with

3  this Order.

4        (4)      If Plaintiff fails to file an amended complaint within 30 days, the Clerk of

5  Court must, without further notice, enter a judgment of dismissal of this action with prejudice

6  that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

7        (5)      The Clerk of Court must mail Plaintiff a court-approved form for filing a civil

8  rights complaint by a prisoner.

9        (6)      The September 24, 2007 letter, which the Court construes as a Motion for

10  Extension of Time (Doc. #9), is **denied as moot**.

11        DATED this 1st day of October, 2007.

12

13

14                                          _____

15                                      David G. Campbell
                                      United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

JDDL-K                                    - 8 -

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>        Attorney for Defendant(s)
> _____
> (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1.  <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

    3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1.  <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2.  <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3.  <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4.  <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5.  <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

### FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,  )
(Full Name of Plaintiff)        )
    Plaintiff,        )
              )
    vs.        )   **CASE NO.** _____
              )       (To be supplied by the Clerk)
(1)_____ ,  )
(Full Name of Defendant)        )
(2)_____ ,  )
              )   **CIVIL RIGHTS COMPLAINT**
(3)_____ ,  )   **BY A PRISONER**
              )
(4)_____ ,  )   ☐ Original Complaint
    Defendant(s).        )   ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.  )   ☐ Second Amended Complaint

## A.  JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
        ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
        ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
        ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

Revised 3/9/07          1         **550/555**

**B.  DEFENDANTS**

1.  Name of first Defendant: _____. The first Defendant is employed as:
_____at_____.
           (Position and Title)                                                                (Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:
_____at_____.
           (Position and Title)                                                                (Institution)

3.  Name of third Defendant: _____. The third Defendant is employed as:
_____at_____.
           (Position and Title)                                                                (Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____at_____.
           (Position and Title)                                                                (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

**C.  PREVIOUS LAWSUITS**

1.  Have you filed any other lawsuits while you were a prisoner?     ☐ Yes     ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

   a.  First prior lawsuit:
      1.  Parties: _____ v. _____
      2.  Court and case number: _____.
      3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____.

   b.  Second prior lawsuit:
      1.  Parties: _____ v. _____
      2.  Court and case number: _____.
      3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____.

   c.  Third prior lawsuit:
      1.  Parties: _____ v. _____
      2.  Court and case number: _____.
      3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: _____
_____.

2. **Count I**. Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail              ☐ Access to the court        ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion       ☐ Retaliation
   ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____

3. **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4. **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5. **Administrative Remedies:**
   a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                    ☐ Yes   ☐ No
   b.  Did you submit a request for administrative relief on Count I?          ☐ Yes   ☐ No
   c.  Did you appeal your request for relief on Count I to the highest level?  ☐ Yes   ☐ No
   d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

## COUNT II

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.** Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities            ☐ Mail            ☐ Access to the court            ☐ Medical care
☐ Disciplinary proceedings     ☐ Property        ☐ Exercise of religion           ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies.**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                    ☐ Yes     ☐ No
b.   Did you submit a request for administrative relief on Count II?          ☐ Yes     ☐ No
c.   Did you appeal your request for relief on Count II to the highest level?  ☐ Yes     ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail            ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings   ☐ Property        ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                      ☐ Yes   ☐ No
   b.   Did you submit a request for administrative relief on Count III?   ☐ Yes   ☐ No
   c.   Did you appeal your request for relief on Count III to the highest level?   ☐ Yes   ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____        _____
                        DATE                                      SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____

_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.